UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEM ROYZMAN, CDCR #AM6676,<br><br>         Plaintiff,<br><br>v.<br><br>MIQUEL LOPEZ, ALEJANDRO GONZALES, EDGAR GARCIA,<br><br>         Defendants. | Case No.: 3:21-cv-1429-BAS-AHG<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Artem Royzman ("Plaintiff"), a state inmate currently incarcerated at R.J. Donovan State Prison ("RJD") located in San Diego, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

**I. Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84–85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatorre*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by an RJD accounting official and a copy of his CDCR Inmate Statement Report. (ECF No. 3.) These documents show that for the preceding six months, Plaintiff carried an average monthly balance of $733.94 and average monthly deposits of $293.84. (ECF No. 3 at 1.) The balance in Plaintiff's trust account as of August 11, 2021, was $1,011.42. (*Id.* at 1, 3.)

//
//
//

In this matter, Plaintiff has not shown the indigence required to proceed IFP. Because Plaintiff has shown that he is able to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

## II.   Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2); and **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a).

To have the case reopened, Plaintiff must, **on or before September 8, 2021**, pay the $402 initial civil filing fee.

**IT IS SO ORDERED.**

Dated: August 11, 2021

Hon. Cynthia Bashant
United States District Judge