UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEM ROYZMAN,<br>CDCR #AM6676,<br><br>                         Plaintiff,<br><br>v.<br><br>MIQUEL LOPEZ, ALEJANDRO GONZALES, EDGAR GARCIA,<br><br>                         Defendants. | Case No.: 3:21-cv-1429-BAS-AHG<br><br>**1) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br><br>**AND**<br><br>**2) DIRECTING CLERK OF COURT TO ISSUE A SUMMONS PURSUANT TO Fed. R. Civ. P. 4(b)** |

Artem Royzman ("Plaintiff"), a state inmate currently incarcerated at R.J. Donovan State Prison ("RJD") located in San Diego, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. In his Complaint, Plaintiff alleges Defendants Lopez, Garcia and Gonzalez violated his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Due Process Clause and the Equal Protection Clause, when they intentionally deprived him of tefillin,[1] despite being approved religious items for Jewish inmates and ordered from a

---

[1] Tefillin (also known as Phylacteries) are two small square leather boxes containing slips inscribed with scriptural passages and traditionally worn on the left arm and on the head by observant Jewish men and

religious vendor pre-approved by the California Department of Corrections and Rehabilitation ("CDCR"). *See id* at 5.

## I. Procedural Background

Plaintiff filed his Complaint on August 10, 2021. *See* Compl, ECF No. 1. He did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. On August 11, 2021, the Court denied Plaintiff's request to proceed IFP and dismissed the petition without prejudice. ECF No. 4. The Court gave Plaintiff 30 days to either pay the filing fee or provide adequate proof of his inability to pay. *Id.* at 2. On September 2, 2021, Plaintiff paid the $402 filing fee required by 28 U.S.C. Section 1914(a). *See* ECF No. 5.

## II. Factual Allegations

In his Complaint, Plaintiff states he is a religious, observant Jew. On or about April 1, 2021, Plaintiff sent a letter to ALEPH Institute,[2] requesting he be provided with tefillin, in order "to fulfill the commandments of the Torah." Compl., ECF No. 1 at 3. Plaintiff states he "verified that ALEPH was an approved vendor to provide the Jewish inmates housed in the CDCR with religious materials." *Id.* Plaintiff also alleges tefillin are listed as approved religious items by CDCR. *Id.*

On April 21, 2021, Defendant Lopez, an RJD correctional officer, came to Plaintiff's

---

especially adherents of Orthodox Judaism during morning weekday prayers. *See* https://www.merriam-webster.com/dictionary/phylacteries (visited Sept. 20, 2021).

[2] The ALEPH Institute is a non-profit organization that offers assistance and support to Jewish individuals "of specific populations that are isolated from the regular community: U.S. military personnel, prisoners, and people institutionalized or at risk of incarceration due to mental illness or addictions, [by] addressing their religious, educational, and spiritual needs." *See* https://aleph-institute.org/wp/about/ (visited Sept., 20, 2021).

housing unit to distribute "books and special purchase items." *Id.* at 4. Lopez told Plaintiff he had items on his distribution list. He opened a box with Plaintiff's name on it, containing the tefillin and some religious books. Lopez gave Plaintiff the books but refused to give him the tefillin. Plaintiff objected and explained that the tefillin was an "approved religious item" and "central to [his] religious beliefs in the practice of Judaism." *Id.* Lopez nonetheless refused to give Plaintiff the item, telling Plaintiff he had "never hear[d] of it being necessary religious item needed by a Jew." *Id.* Lopez told Plaintiff he would "check with his supervisor." *Id.* He then repacked the tefillin and left. *Id.*

After about 48 hours passed with no word regarding when (or if) his tefillin would be returned, Plaintiff sent a "Request for Interview" addressed to Lopez, in which he explained the importance of the tefillin to the practice of his religion and inquired about its return. *Id.* at 4. When Plaintiff received no response, he sent another "Request for Interview" on April 26, 2021, this time to the RJD Jewish rabbi, Fabrice Hadjadj. *Id.* at 4–5. Plaintiff met with Rabbi Hadjadj shortly thereafter and explained the situation. The rabbi told Plaintiff that he would "look into the matter and inform the proper parties that tefillin was an approved religious item." *Id.* at 5. Plaintiff later learned that the tefillin had been sent back to the vendor the day after Lopez refused to give it to him. Lopez never told Plaintiff the item had been returned, nor did Lopez or any other CDCR staff member consult with Rabbi Hadjadj about the religious significance of the tefillin. After learning the item had been shipped back to the vendor,[3] Rabbi Hadjaj told Plaintiff he would attempt to find out why it had been returned. *Id.* at 5.

After attempting to speak to staff informally to no avail, Plaintiff submitted a formal Administrative Grievance 602 on April 26, 2021. *Id.* at 5. About a week later, Plaintiff saw Lopez and asked him about the tefillin, again explaining that it was an approved religious

---

[3] Plaintiff alleges the item was ultimately shipped back to the vendor two times before ALEPH re-shipped it to the prison for a third and final time, after which Plaintiff finally received it. *See* Pet., ECF No. 1 at 7.

item. Lopez responded that "I guess you can't have it. If you don't agree file paperwork." *Id.* at 5. Plaintiff saw Lopez on another occasion and asked about the tefillin again. This time, Lopez admitted the tefillin was an approved item but it had "exceeded $300 in cost" and therefore was not permitted. *Id.* at 6. Plaintiff explained that the vendor, ALEPH, provided its items free to prison inmates. Furthermore, Plaintiff asked Lopez to "check R&R records" because "unless the tefillin had been dangerous to the health and safety of inmates, the CDCR has readily allowed Jewish inmates practicing their faith to receive tefillin from ALEPH." *Id.* at 5A. Lopez told him, "You can get any kind of tefillin you want when you get out, but not here, not while I'm working here." *Id.*

Sometime in early May 2021, Plaintiff was summoned to R&R and questioned by Lopez and his supervisor, Sergeant Gonzalez, regarding Plaintiff's 602 Administrative Grievance. *Id.* at 6. After Plaintiff again explained that the item was approved and obtained through an approved vendor, Sergeant Gonzalez said he would "look into it." *Id.* at 7. After the meeting, Plaintiff saw Rabbi Hadjadj, who told him he would contact Captain Garcia about "the issue of Jewish inmates being unable to receive tefillin in the CDCR." The rabbi called Garcia, who purportedly refused to get involved despite being supervisor to both Gonzalez and Lopez. *Id.* A few weeks later, Plaintiff was called to the rabbi's office where he was met by Chief Deputy Warden Belinda Hedrick. She gave Plaintiff the tefillin and "apologized for the officers' actions in denying" him the item. *Id.* Hedrick conceded the item was "listed as allowable religious personal property." *Id.*

### III. Screening of Complaint pursuant to 28 U.S.C. § 1915A

As a preliminary matter, the Court has conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*,

817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

The Court has reviewed Plaintiff's claims under the First Amendment, the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, and the RLUIPA and finds that the claims survive the "low threshold" for proceeding past the *sua sponte* screening required by 28 U.S.C. § 1915A(b). *See Turner v. Safely*, 482 U.S. 78, 89–91 (1987) (First Amendment); *Cutter v. Wilkinson*, 544 U.S. 709, 715, 125 (2005) (RLUIPA); *Cruz v. Beto*, 405 U.S. 319, 321–22 (1972) (the Equal Protection Clause).

It does not appear that Plaintiff has requested that the Clerk issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(b), or has executed service of his Complaint upon either of the named Defendants. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed. R. Civ. P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

### IV.  Conclusion and Order

Accordingly, the Court **DIRECTS** the Clerk of the Court to issue a summons upon the Defendants identified in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(b) so that Plaintiff may execute service upon them as required by Fed. R. Civ. P. 4(c). Plaintiff must

effect personal service **on or before December 22, 2021**, and file proof of that service pursuant to Fed. R. Civ. P. 4(l), or file a waiver pursuant to Fed. R. Civ. P. 4(d) within that time, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).[4]

**IT IS SO ORDERED.**

Dated: September 23, 2021

Hon. Cynthia Bashant
United States District Judge

---

[4] Because Plaintiff is not proceeding IFP, he is "responsible for having the summons and complaint served" now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A. *See* Fed. R. Civ. P. 4(c)(1). The Court has tolled Rule 4(m)'s service clock while it conducted that screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).